PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AIM LEASING COMPANY, *et al.*, ) | |
| ) | CASE NO. 4:14CV02161 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| RLI CORP., *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 121, 122, |
| ) | 142 and 143] |

Pending is Defendants' and Third-Party Defendants'[1] Joint Motion to Stay Action, ECF No. 121. The motion is fully briefed, *see* ECF Nos. 124 and 129. For the reasons that follow, the motion is granted, in part.

**I. Background**

Plaintiffs Aim Leasing Company d/b/a Aim NationaLease, Aim Leasing Drivers Company d/b/a Aim Dedicated Logistics, and Aim Integrated Logistics, Inc. filed the above-captioned action against their former insurance broker Safe Fleet Insurance Services and its employee David Williams, Main Street America MGA Inc., Harbor America Specialty Brokerage, LLC, Rick Walker, Red Hawk Re SPC, among others. *See* Amended Complaint, ECF No. 54. Defendants Safe Fleet and Williams assert a third-party complaint and cross claims seeking indemnification and contribution, in the event they are found liable. ECF No. 59.

---

[1] For purposes of this Order, the Court refers to the movants collectively as "Defendants."

(4:14CV02161)

Motions for summary judgment abound. Defendants Safe Fleet and Williams have filed a motion for summary judgment as to Plaintiffs' Amended Complaint. ECF No. 109. Defendant Harbor America has filed a motion for summary judgment as to the cross-claim, ECF No. 135, as have Defendants Main Street and Rick Walker, ECF No. 136. Third-Party Defendants RJL Insurance Services, Inc. and Richard J. Leibfried have filed a motion for summary judgment as to the third-party complaint. ECF No. 138. The Court has scheduled the final pretrial conference in this matter for August 3, 2016, and the trial for September 26, 2016. *See* Civil Trial Order, ECF No. 51.

Now under review is Defendants' joint motion to stay the case until Plaintiffs' related Kentucky state court declaratory judgment action is resolved. *See* ECF No. 121. In their opposition, Plaintiffs set forth pertinent background:

> Aim is a national full service truck leasing and logistics business. Plaintiffs' claims against its insurance brokers, agents, and advisors arise from the suspension of Aim's workers' compensation insurance policy. Without insurance coverage, Aim is now financially responsible for five significant uninsured employee injury claims totaling hundreds of thousands of dollars. For some of those claims, Aim resorted to seeking coverage through certain workers' compensation guarantee funds established in Illinois, Indiana, and Kentucky. Those state guarantee funds provide limited coverage depending upon the details of the injury claim and where the injury occurred. In addition to the uninsured losses, Aim has also been damaged through the loss of its insurance premium deposit.
> One of the five employee injury claims for which Aim is uninsured has been afforded limited coverage under the State of Indiana's guarantee fund. Grounds may exist, however, to seek coverage under the more generous guaranty fund established in the Commonwealth of Kentucky. Accordingly, in 2014 Aim brought litigation captioned *Aim Leasing Co. v. Kentucky Insurance Guaranty Assoc.* in the Circuit Court for Jefferson County, Kentucky seeking to establish coverage. Aim's Kentucky counsel informs that the Kentucky litigation is nearing conclusion within the next six months, but that Aim is not likely to be successful.
> The damages Aim has and will suffer related to the Kentucky claim are in excess of $500,000. The damages Aim has and will incur in connection with the

2

(4:14CV02161)

other four uninsured workers' compensation claims, however, are in excess of $300,000.

ECF No. 124 at PageID #: 1478-79.

## II. Motion to Stay

In support of their motion to stay the case until resolution of the Kentucky action, Defendants assert,

> An attempted mediation by the parties of the issues in dispute failed on March 22, 2016, despite good faith efforts, as the legal issue of whether AIM will receive coverage for its uncovered Kentucky claim remains unsettled. AIM attributes more than $529,354.71 in incurred and future medical expenses to that single claim. Until the Kentucky Circuit Court determines whether the claim is a "covered claim" subject to coverage by the state guaranty fund, AIM cannot liquidate its damages for which the defendants and/or third-party defendants in this action may be liable. As a result, this Court should stay this matter pending the outcome of the declaratory judgment claim on that issue that is pending in Kentucky.
>
> . . . [A ruling in favor of Plaintiffs in the Kentucky litigation would] greatly redu[ce] the amount in controversy and increa[se] the potential for an amicable settlement between the parties.

ECF No. 121-1 at PageID#: 1429-30.

The Court has inherent authority to stay cases. See *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)) ("'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'"). Plaintiffs do not object to the stay urged by all defendants as much as suggest the decision to stay is better made closer to the September trial date. See ECF No. 124 at PageID#: 1479 ("In the unlikely event the Kentucky

3

(4:14CV02161)

litigation has not concluded, consideration of a short continuance of the trial date might be necessary in late September, but not now.").

The Court finds the Defendants' collective position urging a stay compelling and not entirely inconsistent with Plaintiffs' belief that the Kentucky action may conclude later this year and affect the posture of the parties now before the Court.  *See* ECF No. 129 at PageID#: 1497-98.  To preserve judicial economy, and prevent further unnecessary litigation and avoidable expense, the motion to stay (ECF No. 121) is granted, in part.  The stay shall persist  for 120 days, subject to further extension.  The parties shall jointly continue keeping the Court apprised *via* status reports filed in intervals not to exceed every 45 days.

### III.  Conclusion

The case is stayed for 120 days.  The final pretrial conference and trial dates are cancelled and shall be rescheduled when appropriate.  The parties should not anticipate an extended or renewed period of discovery should the Court, after the conclusion of the stay, determine that triable issues exist.

The motions to extend expert discovery dates at ECF Nos. 122 and 143 are denied, as the dates for compliance have passed and, pursuant to the unmodified order, production should have occurred.  The motion to file proposed stipulations *instanter* at ECF No. 142 is granted.  All remaining motions, including the motions for summary judgment at ECF Nos. 109, 135, 136, and 138, and Plaintiffs' motion to dismiss certain defendants without prejudice at ECF No. 128, will be held in abeyance, until the conclusion of the stay.  The case will be administratively closed until the conclusion of the stay.

4

(4:14CV02161)

       IT IS SO ORDERED.

| | |
|---|---|
|  July 25, 2016  |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |